[Tagged]



**ORDERED in the Southern District of Florida on January 18, 2013.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:

BRITISH AMERICAN INSURANCE       Case No. 09-31881-EPK
COMPANY LIMITED,                 Case No. 09-35888-EPK
                                 Chapter 15
Debtor in a Foreign Proceeding.  Jointly Administered

_____/

In re:

BRITISH AMERICAN ISLE OF VENICE   Case No. 10-21627-EPK
(BVI), LTD,                       Chapter 15

Debtor in a Foreign Proceeding.

_____/

BRITISH AMERICAN ISLE OF VENICE
(BVI) LTD and BRITISH AMERICAN
INSURANCE COMPANY LIMITED,

Plaintiffs,

v.                                Adv. Proc. No. 11-03117-EPK

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, SHIVA

RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, and CHARLES PRATT,

Defendants.

_____/

BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

Plaintiff,

v.                                                          Adv. Proc. No. 11-03118-EPK

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, LAWRENCE
DUPREY, VISHNU RAMLOGAN, SHIVA
RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, and CHARLES PRATT,

Defendants.

_____/

ORDER DIRECTING COMPLIANCE WITH FED. R. BANKR. P. 9033
WITH REGARD TO ORDER ON MOTIONS TO DISMISS

This Court entered its *Order on Motions to Dismiss* [Adv. Proc. No. 11-03117-EPK,

ECF No. 189; Adv. Proc. No. 11-03118-EPK, ECF No. 250] with regard to motions to

dismiss filed by defendants Green Island Holdings, LLC ("GIH") and Charles Pratt ("Mr.

Pratt"). The *Order on Motions to Dismiss* shall not be considered a final order in any

regard. The *Order on Motions to Dismiss* constitutes this Court's proposed findings of fact

and conclusions of law consistent with the direction of the district court. The clerk is

directed to submit to the district court, pursuant to 28 U.S.C. § 157(c)(1) and Fed. R. Bankr.

P. 9033, this *Order*, the *Order on Motions to Dismiss*, the related motions to dismiss and

responses, the complaints in these adversary proceedings, and any objections filed pursuant

to Fed. R. Bankr. P. 9033, as set forth in more detail below. The parties shall comply with

Fed. R. Bankr. P. 9033.

Pursuant to Article I, Section 8 of the United States Constitution, Congress enacted 28 U.S.C. § 1334. Section 1334 is the sole source of federal bankruptcy jurisdiction. Subsection (a) of that provision grants to the district courts "original and exclusive jurisdiction of all cases under title 11," and subsection (b) grants to the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b). All bankruptcy jurisdiction is initially lodged in the district courts.

Under 28 U.S.C. § 157(a), each district court may refer to the bankruptcy court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." Thus, the district court may refer to the bankruptcy court any and all matters covered by 28 U.S.C. § 1334. This has been accomplished in every district in the United States by standing orders of reference. In the Southern District of Florida, the district court recently issued a revised *Order of Reference*, Administrative Order 2012-25 entered March 27, 2012 (the "Standing Order"). The Standing Order refers to the bankruptcy court in this district any and all cases and proceedings covered by federal bankruptcy jurisdiction.

Not all matters referred to the bankruptcy court are subject to entry of final orders or judgments in the bankruptcy court. Congress decreed that "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" referred to the bankruptcy court are subject to entry of final orders and judgments in the bankruptcy court. 28 U.S.C. § 157(b)(1). Thus, once referred to the bankruptcy court, the bankruptcy court has the statutory power to enter final orders and judgments in title 11 cases and in "core" matters "arising under" or "arising in" cases under title 11. With regard to non-core proceedings, the bankruptcy court may hear such proceedings but, absent consent of the parties, must then submit proposed findings of fact and conclusions of law to the district

3

court.  28 U.S.C. § 157(c).[1]  If the parties consent in a non-core proceeding, the bankruptcy court may enter a final order or judgment.  28 U.S.C. § 157(c)(2).

Thus, absent consent of the parties, the statutory power of the bankruptcy court to enter final orders and judgments depends on whether the matter before the court is core or non-core.  28 U.S.C. § 157(b)(2) sets out a non-exclusive list of matters defined as core proceedings.  In this provision, Congress exhibited its intent to provide to the bankruptcy court the broadest power to enter final orders and judgments that is consistent with the limits of the United States Constitution.  *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, No. 11-35162, 2012 WL 6013836, at *10 (9th Cir. Dec. 4, 2012).

The bankruptcy court is not a tribunal provided for in Article III of the United States Constitution.  As such, there are limits on the power of Congress to direct what matters may be subject to final orders and judgments in the bankruptcy court.  *Stern v. Marshall*, 131 S. Ct. 2594, 2608-20 (2011).  The proceedings described as core in 28 U.S.C. § 157(b) could include matters in which the bankruptcy court may not enter final orders or judgments consistent with the limits of Article III, absent consent of the parties.  *Id*.  Thus, to determine whether a particular proceeding may be subject to entry of a final order or judgment in the bankruptcy court, it is necessary to determine whether the proceeding is a core proceeding within the meaning of section 157(b), and also whether entry of such final order or judgment would exceed the limits imposed by Article III of the United States Constitution. *Id.*

---

[1] It is not clear whether the district court may refer to the bankruptcy court a core matter that is subject to entry of final orders or judgments in the bankruptcy court, where entry of such final orders or judgments is consistent with Article III of the United States Constitution, but nevertheless direct that the bankruptcy court issue proposed findings of fact and conclusions of law.  The question does not arise in these adversary proceedings as this Court has already determined that all matters addressed here are non-core.

Orders and judgments of the bankruptcy court entered in core matters and in non-core matters with the consent of the parties are subject to appeal to the district court under 28 U.S.C. § 158. Proposed findings of fact and conclusions of law submitted by the bankruptcy court, in non-core matters and in matters where Article III requires final orders to be entered by the district court, are subject to *de novo* review by the district court. 28 U.S.C. § 157(c)(1).[2] These are submitted to the district court pursuant to Fed. R. Bankr. P. 9033 and are subject to objections of the parties under that rule. The primary difference between a final order or judgment of the bankruptcy court and proposed findings of fact and conclusions of law is that the former has immediate legal impact but the latter does not. Absent entry of a stay pending appeal or similar relief, a final order or judgment of the bankruptcy court, whether entered in a core matter or in a non-core matter based on consent of the parties, is subject to execution or other enforcement without input from any other court. On the other hand, proposed findings of fact and conclusions of law issued by the bankruptcy court become enforceable if and only if, and only to the extent that, the district court enters an order approving or adopting them.

After the Supreme Court issued its opinion in *Stern v. Marshall*, there was for a short time some confusion as to how the bankruptcy court should address a proceeding that is statutorily defined as "core" but that involves a matter in which the bankruptcy court may not enter a final order, absent consent of the parties, as such order would exceed the bankruptcy court's constitutional power. 28 U.S.C. § 157(c)(1) and the related Fed. R. Bankr. P. 9033 address only non-core matters, not matters specifically defined by Congress as core. And so the question arose whether the bankruptcy court was powerless to enter

---

[2] Note that *de novo* review applies only to "those matters to which any party has timely and specifically objected." 28 U.S. C. § 157(c)(1). If no specific objections are timely lodged with the district court, the bankruptcy court's proposed findings and conclusions may be adopted by the district court without further review.

5

proposed findings of fact and conclusions of law in proceedings that while labeled core are nonetheless beyond the power of the bankruptcy court to enter final orders.  The better reasoned opinions reach the conclusion that the bankruptcy court may submit proposed findings of fact and conclusions of law in such cases.  E*.g., In re Bellingham Ins. Agency, Inc.*, 2012 WL 6013836, at *10-11.[3]

The parties to a proceeding pending before the bankruptcy court, whether non-core or whether core but nevertheless not subject to final order there, may consent to the bankruptcy court entering a final order or judgment.  28 U.S.C. § 157(c)(2).  A party may consent to entry of a final order or judgment in the bankruptcy court by failing to object in a timely manner.  *In re Bellingham Ins. Agency, Inc.*, 2012 WL 6013836, at *11-14.

Similarly, if a party to a proceeding before the bankruptcy court has a right to trial by jury under applicable law, the bankruptcy court may conduct a jury trial only with the consent of all parties.  28 U.S.C. § 157(e).[4]

In all adversary proceedings filed in this Court, including the two adversary proceedings at issue here, the Court enters its form *Order Setting Filing and Disclosure Requirements for Pretrial and Trial* (the "Scheduling Order").  Paragraph 1(a) of the

---

[3] This is consistent with the district court's Standing Order, which provides in pertinent part:
> If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court made in compliance with Fed. R. Civ. P. 52(a)(1) in the form of findings of fact and conclusions of law stated on the record or in an opinion or memorandum of decision.

[4] Section 157(e) requires the "express consent" of all parties to the bankruptcy court conducting a jury trial.  This is in contrast with section 157(c)(2), addressing non-core matters, which requires only "consent."  As noted above, the parties may consent to the bankruptcy court entering final orders in non-core matters by failing to object in a timely manner.  It is unclear whether the same analysis applies in the context of consent to a jury trial before the bankruptcy court under section 157(e).  To avoid questions on this issue, this Court typically requires that each party expressly consent if they wish this Court to preside over a jury trial.  In any case, jury trials before the bankruptcy court are exceedingly rare in this district and elsewhere.

Scheduling Order provides each party a deadline to file a motion to withdraw the reference to permit a jury trial in the district court.  Paragraph 1(b) of the Scheduling Order provides each party a deadline to object to entry of final orders and judgments by the bankruptcy court.[5]  As specifically stated in the Scheduling Order, failure to file the relevant motion by the deadline constitutes waiver by such party of the right to trial by jury and/or consent by such party to the bankruptcy court entering all appropriate final orders and judgments.  The deadline for each matter is 10 days prior to the "date first set" for the pretrial conference.  While these deadlines are measured from the initial pretrial conference date, this Court sometimes continues the pretrial conference and explicitly extends all of the deadlines provided in the Scheduling Order, including those set out in paragraphs 1(a) and 1(b).  The pretrial conference date in each of these adversary proceedings was continued to March 14, 2013 and all deadlines were moved consistent with that date.  Consequently, motions for withdrawal of the reference to permit jury trial in the district court and motions requesting a ruling on this Court's ability to enter final orders and judgments are due on or before March 4, 2012.

The plaintiffs requested trial by jury in their complaints.  Mr. Fullerton requested trial by jury in his answer in Adv. Proc. No. 11-03117-EPK.  Clerk's defaults were entered against defendants Brian Branker and Shiva Ramberran in each adversary proceeding and so they are not entitled to a jury trial on the present complaints.  Defendant Ramchand Ramnarine answered each complaint without requesting a jury trial.  GIH and Mr. Pratt filed motions to dismiss which the Court addressed in the above-referenced *Order on*

---

[5] Paragraph 1(b) of the Scheduling Order is specifically aimed at addressing the concerns raised by the Supreme Court in *Stern v. Marshall*.  This Court's Scheduling Order entered at the beginning of every adversary proceeding provides all parties with a specific deadline to object to entry of final orders and judgments by this Court and warns that failure to file the required motion will result in waiver.  This procedure more than satisfies the standard for consent set out in *Bellingham*.  *In re Bellingham Ins. Agency, Inc.*, 2012 WL 6013836, at *11-14.

*Motions to Dismiss.*  Assuming the district court approves this Court's proposed ruling, the plaintiffs may file an amended complaint and GIH and Mr. Pratt will be accorded a new opportunity to respond.  They may yet request a jury trial.  The Court is also considering motions to dismiss filed by defendants Lawrence Duprey and Vishnu Ramlogan.  They also may yet request a jury trial.

Under this Court's Scheduling Order, each party requesting a jury trial must perfect its request by filing its own motion to withdraw the reference.  Thus, to preserve its right to jury trial each party must take two actions.  It must first request a jury trial in a timely manner in the appropriate pleading, and then it must file a motion to withdraw the reference.  Failure to do either of these things means that such party is not entitled to a jury trial.[6]  In these cases, certain parties have yet to answer, and the deadline to file motions to withdraw the reference for the purpose of having a jury trial in the district court has not passed.  Consequently, it is not possible at this time to determine whether there will be a jury trial in either of these adversary proceedings.

The bankruptcy court has the statutory duty to determine whether a particular proceeding is core or non-core.  28 U.S.C. § 157(b)(3).  In this Court's view, the bankruptcy court also has the duty to determine whether a matter statutorily designated as core is nevertheless not subject to entry of a final order or judgment in the bankruptcy court.[7]  At the Court's suggestion, several parties filed motions requesting this Court to determine

---

[6] In bankruptcy matters, it is common that a party will request a jury trial in its pleading, stating also that it does not consent to jury trial before the bankruptcy court, but then fail to take action to have the district court withdraw the reference for a jury trial.  There is no uniform procedure in the bankruptcy courts to address this concern.  In many districts, such matters go to a bench trial before the bankruptcy court and the jury trial request is never again mentioned, resulting in a *de facto* waiver.  This Court's procedure, long set out in the Court's present and past forms of scheduling order, requires the filing of a motion to withdraw the reference and specifically states that failure to do so in a timely manner results in waiver.

[7] The district court's Standing Order recognizes this duty in the text quoted at footnote 3, above.

that these adversary proceedings present only non-core matters.[8]  Such motions were filed by Mr. Ramberran, Mr. Ramnarine, Mr. Pratt, GIH, and Mr. Fullerton.[9]  As a result of such motions, by various orders entered in each of the above-captioned adversary proceedings this Court determined that each count presented in the two complaints constitutes a non-core proceeding.  Without consent by the parties, this Court may not issue final orders or judgments in these adversary proceedings.  Thus, assuming there is no jury trial before the district court in these two proceedings (a question not yet answered), and absent withdrawal of the reference for another purpose, this Court would hold trial in these adversary proceedings and then submit proposed findings of fact and conclusions of law to the district court pursuant to 28 U.S.C. § 157(c)(1) and Fed. R. Bankr. P. 9033.  The parties might have benefitted from this procedure.  This Court is familiar with the related chapter 15 cases and with the background of the present adversary proceedings.  The parties would also have had the opportunity to obtain a *de novo* review by the district court of this Court's proposed findings and conclusions.[10]

It is in this context that one defendant, Ramchand Ramnarine, filed a motion to withdraw the reference in each of the above-captioned adversary proceedings.  Mr. Ramnarine is a defendant in count I of each complaint.  In his motions, Mr. Ramnarine requested that the district court enter "an order withdrawing the reference for trial and entry of final order or judgment."  Mr. Ramnarine did not request a jury trial in these adversary proceedings.  Mr. Ramnarine argued that the plaintiffs' request for jury trial, a

---

[8] Under paragraph 1(b) of the Scheduling Order, such motions are treated as objections to the entry of final orders or judgments by this Court.

[9] Motions were not filed by the plaintiffs, Mr. Branker, Mr. Duprey, or Mr. Ramlogan.

[10] On the other hand, this procedure would eliminate an intermediate level of appeal, that to the district court under 28 U.S.C. § 158, as it would be the district court entering judgment under 28 U.S.C. § 157(c)(1).

request that is not yet perfected as discussed above, supports withdrawal of the reference.[11] Mr. Ramnarine argued that this Court's ruling that all aspects of these adversary proceedings are non-core supports withdrawal of the reference.

Nowhere in his motions to withdraw the reference did Mr. Ramnarine suggest that the reference should be withdrawn for dispositive pretrial motions.[12]  In fact, at the time Mr. Ramnarine filed his motions to withdraw the reference, this Court had already denied his motions to dismiss.  Mr. Ramnarine did not at any time object to this Court entering orders on his motions to dismiss and any right to so object has been waived.

Upon consideration of Mr. Ramnarine's motions to withdraw the reference, the district court entered its *Order Granting Motions to Withdraw Reference to Bankruptcy Court* [Adv. Proc. No. 11-03117-EPK, ECF No. 184; Adv. Proc. No. 11-03118-EPK, ECF No. 245].  Pursuant to 28 U.S.C. § 157(d), the district court ordered that the reference of the above-captioned adversary proceedings is withdrawn to the District Court for purposes of

_____

[11] This Court's long-standing procedure set out in the Scheduling Order is intended, in part, to avoid the unnecessary withdrawal of the reference to conduct a jury trial where, in the end, there is to be no jury trial.  No one advised the district court of this procedure or the fact that no party has yet perfected a right to a jury trial in these adversary proceedings.

[12] In requesting withdrawal of the reference from the district court, to avoid any confusion it is wise for parties to specifically state whether they consent to entry of final orders in the bankruptcy court on dispositive pretrial motions.  An order denying a motion to dismiss or motion for summary judgment is not a final order and likely is not subject to the concerns addressed in *Stern v. Marshall*. *E.g., Bakst v. United States (In re Kane & Kane)*, 479 B.R. 617 (Bankr. S.D. Fla. 2012) (citing *Smith v. First Nat'l Bank of Albany (In re Smith)*, 735 F.2d 459 (11th Cir. 1984); *In re Corrugated Container Antitrust Litig.*, 694 F.2d 1041 (5th Cir. 1983); *Eudy v. Motor-Guide, Herschede Hall Clock Co.*, 604 F.2d 17 (5th Cir. 1979)).  But an order dismissing an action with prejudice or granting summary judgment in full is a final order.  If the matter is non-core (such as these adversary proceedings) or otherwise not subject to entry of final orders or judgments in this Court, then this Court must submit a proposed ruling to the district court.  This is mandated by 28 U.S.C. § 157(c)(1) and the Standing Order.  However, when an action includes both core and non-core matters, or when some but not all parties have consented to final orders and judgments in this Court, it is possible that some dispositive motions (or even parts of a motion) will be subject to final resolution in this Court and others will not.  Parties may consent to entry of final orders in the bankruptcy court on dispositive motions but nevertheless request that trial, if there is to be one, be held in the district court.  Such a procedure would preserve the right to intermediate appeal to the district court from rulings on dispositive motions, yet also preserve the ability to have the trial itself in the district court.  Explicitly addressing such concerns in motions to withdraw the reference aids the district court in fashioning appropriate relief.

10

trial.  While the district court referred all dispositive pretrial motions to this Court, the district court directed that this Court issue proposed findings of fact and conclusions of law on any such motions.  Discovery and other non-dispositive pretrial matters remain entirely with this Court.

Consistent with the direction of the district court, it is ORDERED as follows:

1.      This Court's *Order on Motions to Dismiss* [Adv. Proc. No. 11-03117-EPK, ECF No. 189; Adv. Proc. No. 11-03118-EPK, ECF No. 250] shall not be considered a final order in any regard.

2.      The *Order on Motions to Dismiss* constitutes this Court's proposed findings of fact and conclusions of law consistent with the *Order Granting Motions to Withdraw Reference to Bankruptcy Court* [Adv. Proc. No. 11-03117-EPK, ECF No. 184; Adv. Proc. No. 11-03118-EPK, ECF No. 245].

3.      The clerk is directed to submit to the district court, pursuant to 28 U.S.C. § 157(c)(1) and Fed. R. Bankr. P. 9033, the following:

a.      this *Order*;

b.      the *Order on Motions to Dismiss* [Adv. Proc. No. 11-03117-EPK, ECF No. 189; Adv. Proc. No. 11-03118-EPK, ECF No. 250];

c.      the complaints in these adversary proceedings;

d.      the motions to dismiss filed by Green Island Holdings, LLC and Charles Pratt [Adv. Proc. No. 11-03117-EPK, ECF No. 145; Adv. Proc. No. 11-03118-EPK, ECF No. 175];

e.      the responses filed in connection with such motions to dismiss [Adv. Proc. No. 11-03117-EPK, ECF No. 155; Adv. Proc. No. 11-03118-EPK, ECF Nos. 195]; and

f.      any objections filed pursuant to Fed. R. Bankr. P. 9033.

11

4.      The parties shall comply with Fed. R. Bankr. P. 9033.

### #

Copies furnished to:

All parties of record by the Clerk